IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTIQUE BATTERY | ) | CIVIL ACTION NO.05-427 |
| MANUFACTURING CO., | ) | |
| Plaintiff, | ) | |
| | ) | Judge Cercone |
| v. | ) | Magistrate Judge Caiazza |
| | ) | |
| NEW CASTLE BATTERY | ) | |
| MANUFACTURING CO., | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

In this diversity action, Antique Auto Battery Manufacturing Co.("Antique") filed a four count complaint alleging that New Castle Battery Manufacturing Company ("New Castle") made unlawful use of battery molds belonging to Antique, causing harm to Antique's business. Antique requests injunctive relief[1] as well as damages for unfair competition, misappropriation of trade secrets, and conversion. New Castle filed a motion to dismiss. It is respectfully recommended that the motion (Doc.11) be granted in part, denied in part, and deferred in part.

### II. REPORT

#### A. Background

Antique, an Ohio corporation, and New Castle, a business incorporated in Pennsylvania, are competitors in the manufacture and sale of replacement batteries for vintage automobiles. Antique subcontracts the manufacture of its batteries to a Mexico Corporation,

---

1. The request for injunctive relief need not be considered here, as the parties have executed a Stipulated Order of Court disposing of this claim pending final resolution of all issues.

Organizacion Industrial Vega ("OIV"). Antique alleges that it is the sole owner of three battery container molds and four battery cover molds which are integral to the construction of its batteries. Antique delivered these molds to OIV, presumably pursuant to a contract made between them. Without specifying when or how this transpired, Antique contends that New Castle made unauthorized use of the molds to manufacture batteries which were sold in direct competition with Antique's products, causing erosion of its reputation, goodwill and profits.

## B. <u>The Unfair Competition Claim</u>

There are two elements to a claim for unfair competition under Pennsylvania law.  First, a plaintiff must show that some distinctive mark or feature of its product distinguishes it from related items on the market. A plaintiff must also demonstrate that the defendant has engaged in activity creating a likelihood of confusion on the part of customers buying the relevant goods. <u>Artus Corp., v. Nordic Co., Inc.</u>, 512 F. Supp. 1184, 1188 (W.D. Pa. 1981). Stated differently, liability for unfair competition is premised on "a designation in connection with goods, which is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of defendant's goods and that the plaintiff has been or is likely to be damaged by these acts." <u>First Keystone Bank v. First Keystone Mortgage, Inc.</u>, 923 F. Supp. 693, 707 (E.D. Pa. 1996). The focus in an action for unfair competition is on <u>marketing</u> rather than production. <u>Artus</u>, 512 F.

2

Supp. at 1187 (emphasis added). This is because the essence of the tort is customer confusion.

After reviewing the complaint, accepting all of the allegations as true and drawing all reasonable inferences from them in the light most favorable to Antique, the court agrees that Antique has failed to state a claim for unfair competition. The claim rests entirely on the following allegation: "By manufacturing and selling batteries substantially identical to Antique Auto's batteries . . . New Castle Battery is misleading and deceiving customers as to the source of its batteries." (Compl. ¶ 23)(emphasis added). Manufacturing and selling a product substantially identical to another on the market does not, without more, constitute unfair competition. Antique must establish that its batteries are so readily "identified with [their] source, that [their] supply from any other source is clearly calculated to deceive the public and lead it to purchase the goods of one for [those] of another." Kirkland v. Nat'l. Broadcasting Co., Inc., 425 F. Supp. 1111, 1115 (E.D. Pa. 1976).

Antique says nothing about what separates its batteries from those manufactured by New Castle or any other vintage battery enterprise. In fact, it does not allege that there is anything about the batteries made with its molds which would allow customers to distinguish one battery from another or to draw any conclusion about the batteries' origin.

Equally problematic is the fact that Antique does not allege that New Castle engaged in any marketing practice that was calculated to cause or could have caused consumer confusion. All that can be gleaned from the complaint is that New Castle sold batteries that looked very much like Antique's.  This is not enough. New Castle's motion to dismiss the unfair competition claim should be granted without prejudice.

### C. **The Claim for Misappropriation of Trade Secrets**

Pennsylvania law provides that in order to establish a claim for misappropriation of trade secrets, a plaintiff must allege: (1) the existence of a trade secret; (2) communication of the secret in the context of a confidential relationship; (3) use of the trade secret in violation of the confidence; and (4) harm to the plaintiff. Moore v. Kulicke & Soffa Indus., Inc., 318 F.3d 561, 566 (3d. Cir 2003).

Antique has failed to allege the existence of any type of confidential relationship between it and New Castle. It seems that any such relationship would have run between Antique and OIV. Because Antique has not established this element of its prima facie case, the court will not address the remaining requirements. It appears beyond doubt that Antique will be unable to establish that it had a confidential relationship with New Castle. As a result, the motion to dismiss Antique's claim for misappropriation of trade secrets should be granted with

prejudice.

### D. **The Conversion Claim**

A plaintiff asserting a claim for conversion under Pennsylvania law must allege: (1) deprivation of a right or use or possession of property; (2) without lawful justification; and (3) without the owner's consent. <u>Universal Premium Acceptance Corp. v. York Bank & Trust Co.</u>, 69 F.3d 695, 705 (3d Cir. 1995). The court is satisfied that the plaintiff has succeeded in establishing a prima facie case for conversion.  Antique alleges that New Castle made exclusive use of its proprietary battery molds without legal justification or permission. At this stage of the litigation, these allegations are sufficient.[2]  New Castle's motion to dismiss the conversion claim should be denied.

### E. **The Failure to Join a Necessary and Indispensable Party**

Fed. R. Civ P. 12(b)(7) provides for dismissal of a cause of action where the plaintiff has failed to join a necessary and indispensable party. New Castle contends that OIV is both necessary and indispensable under the criteria specified in Fed. R. Civ. P. 19(a) and (b), and that, therefore, this case should be dismissed.  Antique disagrees, arguing that OIV is neither necessary nor indispensable.

---

[2]. New Castle also alleges that this matter should be dismissed for lack of jurisdiction based on the amount in controversy, and that the allegations are insufficient to support Antique's claim for punitive damages. The court does not find merit in either of these arguments.

The information in the record with respect to OIV is limited.  It is clear that OIV had a significant relationship with Antique. It was also involved to some degree in New Castle's business as it is alleged to have given New Castle access to battery molds owned by Antique. The details of agreements, obligations, and rights existing among the three entities are, however, murky.

Because the complaint reveals so little about OIV and its business operations, the court lacks the information necessary to make a principled ruling with respect to the application of Fed. R. Civ. P. 19. Normally, "courts will not grant motions to dismiss where discovery would better serve to develop facts and examine claims." <u>Baker v. Cuomo</u>, 58 F.3d 814, 818-19 (2d Cir. 1995). Arguments based on Rule 19 should be re-evaluated when and if they are raised at summary judgment.

### III. <u>Conclusion</u>

For the foregoing reasons, it is recommended that New Castle's motion to dismiss pursuant to F. R. Civ. P 12(b)(6) be granted without prejudice as to the claim for unfair competition, and granted with prejudice as to the claim for misappropriation of trade secrets. The motion should be denied as to the conversion claim. New Castle's motion to dismiss pursuant to F. R. Civ. P. 12(b)(7) should be deferred pending further development of the record with respect to Antique's failure to

join a necessary and indispensable party.

In accordance with the Magistrate's Act, 29 U.S.C. § 636 (b)
(1) (B), 636 (b)(1)(b) and (c), and Rule 72.1.4 (B) of the Local
Rules for Magistrates, objections to this Report and
Recommendation are due by December 8, 2005.  Responses to
objections are due by December 18, 2005.

November 22, 2005

S/ Francis X. Caiazza
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Mark Fischer, Esq.
Thomas S. Anderson, Esq.
Yukevich, Blume, Marchetti &
Zangrilli
11 Stanwix Street, Suite 1024
Pittsburgh, PA 15222-1324

K. Mark Hall, Esq.
Babst, Calland, Clements and Zomnir
Two Gateway Center
Pittsburgh, PA 15222